Filed 9/22/20  P. v. Medrano CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALFREDO MAGIANO MEDRANO,<br><br>    Defendant and Appellant. | B304798<br><br>Los Angeles County<br>Super. Ct. No. KA103398 |

APPEALS from orders of the Superior Court of Los Angeles County, David C. Brougham, Judge. Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

Defendant Alfredo Magiano Medrano appeals from the order denying his request for recall and resentencing under Proposition 47 (Pen. Code,[1] § 1170.18). Defendant also appeals from the order denying his request for modification of sentence under Senate Bill No. 136 (§ 667.5, subd. (b)). Our independent review of the record has revealed no arguable appellate issues, and we affirm both orders.

## BACKGROUND

On October 1, 2014, defendant pled no contest to first-degree residential burglary (§ 459). He also admitted suffering a prior strike conviction (§§ 667, subd. (b), 1170.12, subd. (a)), and two prior prison terms (§ 667.5, subd. (b)). The trial court sentenced defendant to a total of 14 years in state prison. The court imposed the upper term of six years for the burglary conviction, doubled to 12 years because of the prior strike, plus two years for the prior prison term enhancements to run consecutively.

On January 9, 2020, defendant filed a petition for recall and resentencing requesting that his burglary conviction be designated a misdemeanor under Proposition 47. On the same day, defendant filed a motion for modification of sentence requesting that the prior prison term enhancements be set aside under Senate Bill No. 136. The court denied both requests in separate orders.

---

[1] All undesignated statutory references are to the Penal Code.

2

Defendant filed timely notices of appeal from both orders, and we appointed counsel to represent him. On June 30, 2020, appointed counsel filed a brief in which he raised no issues and asked us to review the record independently under *People v. Wende* (1979) 25 Cal.3d 436, 443. The next day, we notified defendant that his attorney had failed to find any arguable issues and that he could submit by brief or letter any arguments he wished this court to consider. We have not received a response.

## DISCUSSION

Under section 1170.18, a person currently serving a felony sentence for an offense that is now a misdemeanor under Proposition 47 may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47. (§ 1170.18, subd. (a).) First-degree residential burglary was not one of the crimes reduced to a misdemeanor under Proposition 47. (See §§ 459, 459.5 [shoplifting requires "entering a commercial establishment"], 460, subd. (a) [defining first degree burglary], 1170.18, subd. (a).) Thus, the court properly determined that defendant was ineligible for resentencing under Proposition 47.

Senate Bill No. 136, which became effective January 1, 2020, amended section 667.5, subdivision (b), to make one-year enhancements pursuant to that statute applicable only to prior prison terms for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code. (Sen. Bill No. 136 (2019–2020 Reg. Sess.).) Senate Bill No. 136 is retroactive to non-final judgments under *In re Estrada* (1965) 63 Cal.2d 740, 742. (See *People v. Keene* (2019) 43 Cal.App.5th 861, 865.) Because the judgment in this case became final for purposes of *Estrada* when defendant failed to appeal it

years ago, the court did not err in denying his motion for modification of sentence under Senate Bill No. 136.

We have examined the entire record, and are satisfied appellate counsel has fully complied with his responsibilities and no arguable issues exist in the appeal before us. (*Smith v. Robbins* (2000) 528 U.S. 259, 278–284; *People v. Wende, supra*, 25 Cal.3d at p. 443.)

## DISPOSITION

The orders are affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, J.

WE CONCUR:


EDMON, P. J.


DHANIDINA, J.